PETER ROCK, Plaintiff and Respondent, v. THE SECURITY NATIONAL BANK OF FARGO, a Corporation, and H. C. Aamoth, Defendants and Appellants.

(207 N. W. 487.)

**Principal and agent — creditor is bound by representations of collection agency that debtor could repossess mortgaged property on payment of debt; payment of debt on reliance thereon held to estop creditor from disputing truth of such representations.**

The plaintiff, a purchaser of a chattel, gave a chattel mortgage on it to secure a portion of the purchase price. The defendant, an assignee of the mortgage, placed the debt in the hands of a collection agency. The plaintiff surrendered possession of the chattel to the defendant and gave it a power

of sale limited as to price and specifying that the proceeds should apply on the note. The defendant sold the chattel on credit without interest, and thereafter the collecting agent collected from the plaintiff the full amount of his indebtedness to it and, without knowledge that the chattel had been previously sold, gave assurance that the plaintiff could repossess it. It is *held:*

(1) The principal is bound by the representations of the agent that the principal was in possession of the chattel at the time of the collection of the note.

(2) The representation of a state of facts, upon which the continuance of an obligation depends, and the discharge of that obligation by the person to whom the representation is made in reliance thereon, creates an estoppel to dispute the truth of the representations.

Opinion filed January 25, 1926. Rehearing denied February 26, 1926.
Agency, 2 C. J. § 541 p. 856 n. 63, 64.

Appeal from the District Court of Cass County, *Cole,* J.
Affirmed.

*J. J. Mulready,* for appellants.

The essence of conversion is not acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner. Acts of conversion have been classified as follows. 38 Cyc. 2205.

If the owner expressly or impliedly assents to or ratifies the taking, use or disposition of his property, he cannot recover for a conversion thereof, and it is equally well settled that this is true notwithstanding the defendant exceeded the power given him. 38 Cyc. 2009.

If a shipper elects to sue for conversion and fails to establish the elements necessary to conversion, his action must fail unless his complaint states facts necessary to sustain a recovery on the contract or some other proper form of recovery as the burden is on the shipper, when he seeks the benefit of the measure of damages for conversion, to prove the act of conversion. Taugher v. N. P. R. 21 N. D. 111, 129 N. W. 747.

*Lemke & Weaver,* for respondent.

To review the sufficiency of the evidence to support the verdict a motion for a new trial or for a directed verdict or for both is necessary. Bailey v. Davis, 193 N. W. 658.

Where no ruling of the trial court as to the sufficiency of the evidence to support the verdict has been invoked, either by motion for a

directed verdict or for a new trial, there is nothing for this court to review. Horton v. Wright, 174 N. W. 67.

In the absence of authority conferred or a valid usage an agent is not authorized to sell property on credit. Kops Bros. v. Smith, 100 N. W. 169.

Every unauthorized taking of personal property and all intermeddling with it beyond the extent of his authority conferred in case a limited authority has been given, with intent so to apply and dispose of it as to alter its condition or to interfere with the owners dominion, is a conversion. Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184; Adams v. Robinson, 65 Ala. 586.

The evidence of the purchase price of personal property is admissible generally to prove value. Vincent v. Hines, 200 N. W. 1.

BIRDZELL, J. This action was brought to recover damages for the alleged conversion of a certain piano. The plaintiff recovered a judgment and the defendant appeals. The facts which developed upon the trial are substantially as follows: In February, 1920, the plaintiff purchased a piano from the Anderson Piano Company of Fargo for $750, paying $450 in cash and giving a note for $300 secured by a chattel mortgage on the piano. This note and mortgage were later transferred to the defendant. The note was due in the fall of 1920 but was not paid. At a later time the house in which the plaintiff was living was burned, the piano being saved. In July, 1923, the plaintiff gave written authority to the defendant, or its agent, to take possession of the piano for the purpose of selling the same and applying the proceeds upon the note, the authority being an authority to sell the piano for the best price obtainable "not less than $275." While this authority was vested in the defendant, or in H. C. Aamoth, an officer of the defendant, the note was with a collection agency for collection. The note and interest were paid in full by check on October 16, 1924, the representative of the collection agency, representing to the plaintiff at the time that the piano was stored in the rear of the bank and that there would be no storage charges on it as long as it remained there; that he could leave it there until he had finished threshing and then come and get it. Before the payment of the note, an action had been brought thereon and garnishment proceedings

instituted in connection therewith.   It seems that, during the pendency of that action, the attorney for the defendant had authorized a sale of the piano for $275, less an allowance of a reasonable amount for putting the same in repair.   That action was later dismissed.   On October 9, 1924, about a week before the payment of the note by the plaintiff, the defendant had sold the piano to a third party, realizing $25 in cash and a note for $225 payable in installments of $10 per month. Some time after the plaintiff had paid the note, he demanded the piano of the defendant and, being unable to get possession, brought this action for damages.   The jury returned a verdict in favor of the plaintiff for $380.   The defendant, upon the appeal, makes two contentions; first, that the disposition of the piano in the manner above stated was not a conversion; and, second, that there was error in admitting certain testimony affecting the measure of damages.

It will be seen that, during the time the defendant held possession of the piano under the authority to sell, the note was in the hands of a collection agency; that it made a sale of the piano without notifying the collection agency, and that the latter, without knowing of the sale, collected the note in full.   There can be no doubt, under the record, that the collection agency was acting as the agent of the defendant. Neither can there be any doubt that the plaintiff, at the time he paid the note, did not know that the piano had been sold and that he was justified in assuming that he was henceforth the owner of the piano with the lien discharged by payment.   The defendant was not entitled to collect the note in full, if it had previously made a sale of the piano under the authority given, as that authority required the application of the proceeds upon the note.   The presentation to the plaintiff of his note secured by the chattel lien on the piano was, to all intents and purposes, a representation that the defendant had not exercised the power of sale and was in a position to bestow clear title and possession upon the plaintiff.   This representation, even without the express statement of the collector, was as effectually made to the plaintiff at the time of payment as though it had been made by an officer of the defendant.   The principal is bound by the act of the agent.   It would thus seem to be clear that, as against the defendant, the plaintiff, upon paying the note, immediately became entitled to the possession of the piano and to its absolute ownership.   The failure of the principal to

communicate the sale to the collection agency cannot affect the matter. We are of the opinion that the defendant, having presented the note for payment through its agent, and having received payment of the same, is clearly estopped to assert and rely upon a previous disposition of the piano. Since, as against the defendant, the plaintiff was entitled to the possession of the piano, and, since the defendant, upon demand, has refused to deliver it or its value to the plaintiff, the latter is entitled to recover the damages sustained. Those damages are properly measured by the verdict.

It is suggested that, inasmuch as the plaintiff had given authority to make a sale, the defendant would discharge its whole duty to the plaintiff by offering to give to him the note it had taken in payment. We think this position untenable, for the reasons above stated and for the additional reason that the written power of sale expressly directed the application of the proceeds of the sale upon the note. Hence, the plaintiff would have no interest in the proceeds, except to be assured that they came within the limitation as to price and that they were applied in reduction of his indebtedness. It follows that the plaintiff would not be bound, in any event, to take the note payable in installments without interest. On the contrary, he was entitled to a credit upon his note for the sale price and he was not accorded such credit.

The contention that there was error affecting the measure of damages is based upon the following testimony given by the plaintiff: "Q. What did you pay for this piano? Mr. Mulready: That is objected to as incompetent, irrelevant and immaterial. The Court: Let it go in over the objection; but that does not determine the value of the piano. Q. What did you pay for this piano? A. $750." In view of the verdict and of the statement of the court, we are of the opinion that it does not appear that the evidence, though subject to the objection, was prejudicial.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.